Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
RONALD OSLIN BOBB-SEMPLE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RONALD OSLIN BOBB-SEMPLE,

Plaintiff,

v.

KANYE WEST, SCOTT RAMON SEGURO MESCUDI p/k/a KID CUDI (COLLECTIVELY p/k/a KIDS SEE GHOSTS), TYRONE WILLIAM GRIFFIN JR. p/k/a TY DOLLA $IGN, ANDREW CLARKE p/k/a ANDY C., JEFF BHASKER, MICHAEL GEORGE DEAN p/k/a MIKE DEAN, ANDREW DAWSON, BRYAN MIGAL ATTMORE p/k/a BOOGZDABEAST, GETTING OUT OUR DREAMS, INC., DEF JAM RECORDINGS, INC., AND UNIVERSAL MUSIC GROUP, INC.,

Defendants.

Case No.: 2:19-cv-1682

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

SRIPLAW
LOS ANGELES, CALIFORNIA

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff Ronald Oslin Bobb-Semple by and through his undersigned counsel, brings this Complaint against Defendants Kanye West, Scott Ramon Seguro Mescudi p/k/a Kid Cudi (collectively p/k/a Kids See Ghosts), Tyrone William Griffin Jr. p/k/a Ty Dolla $ign, Andrew Clarke p/k/a Andy C., Jeff Bhasker, Mike Dean, Andrew Dawson, Bryan Migal Attmore p/k/a BoogzDaBeast, Getting Out Our Dreams, Inc., Def Jam Recordings, Inc., and Universal Music Group, Inc., for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff Ronald Oslin Bobb-Semple ("Bobb-Semple") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Bobb-Semple's original copyrighted works of authorship.

2. Ronald Oslin Bobb-Semple is veteran actor and performer. Bobb-Semple performs a 45-minute one-man cultural and educational presentation seen globally based on the life of Marcus Mosiah Garvey. This presentation has been performed all over the world and in many countries including but not limited to Jamaica, Guyana, Barbados, St. Lucia, the Virgin Islands, Costa Rica, Senegal, Ghana, Germany, Sweden, Belgium, the United Kingdom and throughout the United States. Bobb-Semple performs this spiritual transformation with the hopes of keeping

the name, spirit, ideologies, and philosophies of Marcus Garvey alive. Bobb-Semple's professional theater career began at the Theater Guild in Guyana some 50 years ago. Bobb-Semple has been keeping the spirit of Marcus Garvey alive for the past 35 years through his presentations.

3. Kanye West, Scott Ramon Seguro Mescudi p/k/a Kid Cudi (collectively p/k/a Kids See Ghosts), Tyrone William Griffin Jr. p/k/a Ty Dolla $ign, Andrew Clarke p/k/a Andrew C., Jeff Bhasker, Mike Dean, Andrew Dawson, Bryan Migal Attmore p/k/a BoogzDaBeast, Getting Out Our Dreams, Inc., Def Jam Recordings, Inc., and Universal Music Group, Inc. (collectively "Defendants") produced, distributed, publicly performed and otherwise used and exploited the actual voice, words and performance of Bobb-Semple, without authorization in the extremely popular "Freeee (Ghost Town Pt. 2)" ("Freeee") master recording, composition and in live performance. Defendants used Bobb-Semple's voice, performance and words from his copyrighted work to create the setting of Freeee.

4. Bobb-Semple's voice and authorship is heard in the introductory words of Freeee. Defendants have not acknowledged Bobb-Semple's contribution nor obtained permission to use his copyrighted voice and performance, nor provided him compensation. While Defendants and others have received many accolades and substantial profits from Freeee, Bobb-Semple has received nothing – no acknowledgement, no credit, no remuneration of any kind.

SRIPLAW
LOS ANGELES, CALIFORNIA

5. Bobb-Semple brings this action to vindicate his rights for the deliberate taking of his work and voice, to recover damages, and to ask that Defendants be required to disgorge their ill-gotten profits attributable to their infringement and cease and desist their continued, unauthorized use of Bobb-Semple's work, provide credit and compensation rights and interests in the infringing work.

**JURISDICTION AND VENUE**

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendants are subject to personal jurisdiction in California.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**DEFENDANTS**

10. Kanye West ("West") is a Grammy Award winning music performer and upon information and belief, a resident of the State of California.

SRIPLAW
LOS ANGELES, CALIFORNIA

11. Scott Ramon Seguro Mescudi p/k/a Kid Cudi ("Cudi") is a Grammy Award winning performer and upon information and belief, a resident of the State of Illinois.

12. West and Cudi perform together as the performing group known as Kids See Ghosts.

13. Tyrone William Griffin Jr. p/k/a Ty Dolla $ign ("$ign") is an internationally known performing artist and upon information and belief, a resident of the State of California.

14. Andrew Clarke p/k/a Andy C. ("Andy C.") is a DJ and music producer, and upon information and belief, a citizen of the United Kingdom.

15. Jeff Bhasker ("Bhasker") is an American record producer and upon information and belief, a resident of the State of California.

16. Andrew Dawson ("Dawson") is an American record producer and upon information and belief, a resident of the State of California.

17. Michael George Dean p/k/a Mike Dean ("Dean") is an American record producer and upon information and belief, a resident of the State of California.

18. Bryan Migal Attmore p/k/a BoogzDaBeast ("BoogzDaBeast") is an American record producer and upon information and belief, a resident of the State of California.

19. Getting Out Our Dreams, Inc. ("GOOD"), is a California corporation with its principal place of business at 21731 Ventura Boulevard, Suite 300, Woodland Hills, California, and can be served by serving its Registered Agent, ERSIDENTAGENT, INC., 11726 San Vicente Boulevard, Suite 480, Los Angeles, California.

20. Def Jam Recordings, Inc. ("Def Jam"), is upon information and belief a subsidiary of Universal Music Group, Inc. with its principal place of business at 2220 Colorado Avenue, Santa Monica, Califorinia and can be served by serving its Registered Agent, C T Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, California.

21. Universal Music Group, Inc. ("UMG") is a Delaware Corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, Califorinia and can be served by serving its Registered Agent, C T Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, California.

**THE COPYRIGHTED WORK AT ISSUE**

22. In 2002, Bobb-Semple created a recording entitled "The Spirit of Marcus Garvey (Garvey speaks to an all-Black audience)" (the "Work"), which include the unique and original vocal sample and words that appear in Freeee. Plaintiff will submit audio and video recordings of Freeee to the Court.

SRIPLAW
LOS ANGELES, CALIFORNIA

23. Bobb-Semple registered the Work with the Register of Copyrights on December 21, 2018 and was assigned the registration number SR0000828457. The Certificate of Registration is attached hereto as Exhibit 1.

24. At all relevant times Bobb-Semple was the owner of the copyrighted work at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

25. Defendants have never acquired a license to use the Work at issue in this action for any purpose.

26. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work and used it in Freeee.

27. Defendants' copied Bobb-Semple's copyrighted Work without his permission.

28. Defendants' willful infringement of the Work has harmed Bobb-Semple because, among other things, Bobb-Semple was not properly credited for his contributions to Freeee, yet other artists and samples on the album were credited for their contributions. The proper licensing of the Work would not have only generated substantial revenues but it would have generated international recognition for Bobb-Semple's performance works as a contributor to a worldwide hit song. Instead, Bobb-Semple had to sit by and watch Defendants receive acclaim, and compensation

without any of the proper recognition being received, as it should have been, by Bobb-Semple.

29. In Bobb-Semple's original audio recording he says:

> May I say something to you to give you a true knowledge of yourself and life?
>
> So that the same glory and success attained by other men who understand themselves may be yours [edited out of Freeee by Defendants].
>
> Man in the full knowledge of himself is a superb and supreme creature of creation.
>
> When man becomes possessor of the knowledge of himself, he becomes master of the environment.

30. The Freeee recording includes an audio recording, the latter begins with the voice of Bobb-Semple saying:

> May I say something to you to give you a true knowledge of yourself and life?
>
> Man in the full knowledge of himself is a superb and supreme creature of creation.
>
> When man becomes possessor of the knowledge of himself, he becomes master of the environment.

31. Bobb-Semple created and recorded the Work in 2002 which includes Bobb-Semple saying "May I say something to you to give you a true knowledge of yourself and life?" and "Man in the full knowledge of himself is a superb and supreme creature of creation" and "When man becomes possessor of the knowledge of himself,

he becomes master of the environment" , which were misappropriated and infringed by Defendants.

32. Bobb-Semple's voice is a unique instrument. The timbre of Bobb-Semple's voice is inextricably linked to his performance art, especially in the Work.

33. Freeee was produced by Defendants prior to June 8, 2018. On information and belief, West, Cudi, $ign, Andy C., Bhasker, Dean, Dawson and BoogzDaBeast wrote and composed Freeee. The recording was produced by West, Cudi, $ign, Andy C., Bhasker, Dean, Dawson and BoogzDaBeast who are credited as producers.

34. Freeee was published by UMG, Def Jam and GOOD.

35. Freeee was released by Defendants on June 8, 2018.

36. Freeee was performed at the Camp Flog Gnaw Carnival on November 11, 2018, in Los Angeles, California to a massive crowd of adoring fans and is available to a worldwide audience on YouTube at https://www.youtube.com/watch?v=dkRjmRmPGFQ.

37. Bobb-Semple's voice, performance and words were used by Defendants in the Freeee audio and video recordings, without permission, acknowledgement or compensation.

38. Freeee was included in the Kids See Ghosts album released on June 8, 2018. Kids See Ghosts was initially distributed by UMG, Def Jam and GOOD.

39. Kids See Ghosts was released in the United States on June 8, 2018. UMG, Def Jam and GOOD released, manufactured, distributed and marketed the single Freeee and the Kids See Ghosts album.

40. The Kids See Ghosts album debuted as the #2 album on the US *Billboard 200*.

41. The use of Bobb-Semple's distinctive voice and performance from his Work is grounds for this Court to infer that Defendants had access to Bobb-Semple's works, through YouTube or other means. The verbatim copying of the work and the purposeful exclusion of one line by Defendants is so blatant in both scale and degree, that it raises this matter to a level where access is presumed.

42. Defendants' sampling and copying of three phrases from Bobb-Semple's Work, which are qualitatively important and crucial elements of Freeee is a sufficient basis to find substantial similarity.

43. To write and produce Freeee, Defendants intentionally and unlawfully copied the unique and original voice and performance of Bobb-Semple from the Work, by unlawfully sampling Bobb-Semple's protectable Work.

44. Bobb-Semple's voice and performance in the Work are original, unique, specific in terms of pitch, register, and overall use, and they are the defining introduction of the song Freeee and the seed from which the entire song grows.

45. The voice and words of Bobb-Semple's Work reach the very essence of Freeee and are crucial to Freeee. There should be no doubt that Bobb-Semple's unique voice, cadence and performance were sampled by Defendants. The specific and unique characteristics of the voice on the Work and the infringing Freeee are identical. The similarities go beyond substantial, which is itself sufficient to establish copyright infringement, and are in fact striking. The similarity of words, vocal style, and rhythm are clear indicators, among other things, that Freeee copies Bobb-Semple's Work.

46. The sameness of the performance and striking similarity between Freeee and the protectable elements of the Work are obvious, such that an ordinary lay listener would instantly recognize the sample and similarity between the works. The similarity surpasses the realm of generic coincidence and independent creation.

47. Defendants' sampling, copying, and repeated and continuing commercial use and exploitation of Bobb-Semple's voice and performance from the Work is not within the scope of the "fair use" exception to copyright.

48. Given the undisputable sampling of Bobb-Semple's Work, Defendants knew when writing, publishing, recordings, releasing, advertising, transmitting, publicly performing and distributing Freeee that they were infringing on a pre-existing work.

49. Defendants failed to secure a license to copy and exploit Bobb-Semple's Work.

50. Bobb-Semple's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

51. The conduct of Defendants constitutes direct, contributory, vicarious and willful infringement of Bobb-Semple's copyrights. All members of the distribution chain are liable for copyright infringement, including co-writers, producers, and the entities that licensed, distributed and sold the infringing work Freeee both as a single and as part of Kids See Ghosts' album tilted Kids See Ghosts. Members of the distribution chain are also liable for the unauthorized use and exploitation of Bobb-Semple's Work during the Kid See Ghosts performance of Freeee at Camp Flog Gnaw Carnival.

52. Defendants have, without authorization, created adaptations and derivative works of Bobb-Semple's voice and words, by Defendants manipulating or altering Bobb-Semple's sound recordings.

53. All Defendants are responsible in some manner for the events described herein and are liable to Bobb-Semple for damages available under the Copyright Act. Defendants named herein are the writers, performers, producers, record labels, distributors, publishers, and others, who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of Freeee,

embodied in all forms of media, including videos, digital downloads, records and advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

54. Each Defendant is a practical partner in the infringing acts with all other Defendants, and are thus jointly and severally liable for each other's profits. As described throughout this Complaint, each of the Defendants had an important role in the infringing activity, worked together to accomplish it or were involved in directing various aspects of many of the coordinated infringing activities, and all had a significant financial interest in the infringing activity.

55. Defendants' infringing acts were willful, knowing, and malicious and perpetrated without regard to Bobb-Semple's rights.

56. Defendants continue to willfully infringe on Bobb-Semple's voice, works, performance and sound recordings by reproducing, displaying, transmitting, distributing, exploiting, licensing, and publicly performing Freeee. Freeee continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on albums, and as digital downloads, and in music videos, and in other formats and media, all without payment to Bobb-Semple.

SRIPLAW
LOS ANGELES, CALIFORNIA

## COUNT I
## COPYRIGHT INFRINGEMENT

57. Plaintiff incorporates the allegations of paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Bobb-Semple owns a valid copyright in the Work at issue in this case.

59. Bobb-Semple registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

60. Defendants had access to the Work via YouTube and other sources, as discussed above. Furthermore, Bobb-Semple's voice and performance in Freeee are strikingly similar, meaning that access is presumed, and a claimed defense of "independent creation" is precluded.

61. Defendants' unauthorized reproduction, distribution, public performance, display, and creation of the derivative work Freeee infringes Bobb-Semple's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

62. Defendants did not seek or receive permission from Bobb-Semple to copy, sample or use any part of the Work in Freeee. All elements of the Work copied by Defendants are original to the Work.

63. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Bobb-Semple's authorization in violation of 17 U.S.C. § 501.

64. From the date of the creation of the infringing composition, sound recording and video recording Freeee, all Defendants have infringed Bobb-Semple's copyright interests in the Work, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing Freeee at live concerts, and on video, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing Freeee through various sources; (c) by substantially copying and the related advertising, marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, or sharing in the proceeds therefrom, all through substantial use of the Work in and as part of Freeee, packaged in a variety of configurations and digital downloads, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

65. Defendants have reproduced and/or distributed and continue to manufacture, reproduce and distribute large numbers of copies of Freeee which violate Bobb-Semple's copyright. Defendants have not only marketed and exploited the composition and recordings that are at issue in this lawsuit, but have granted or caused to be granted to various parties, licenses to reproduce or distribute the works that are

in violation of Bobb-Semple's copyright, including but not limited to international distribution, transmission, sale and performance of Freeee.

66. With knowledge of the infringement, Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

67. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

68. Bobb-Semple is entitled to declaratory and injunctive relief, ordering Defendants to credit Bobb-Semple as producer and performer for all future reproduction, distribution, sale, public performance, or other use or exploitation of Freeee that include Bobb-Semple's intellectual property, and a continuing royalty following judgment in an amount to be determined.

69. Defendants' acts were willful.

70. Bobb-Semple has been damaged.

71. The harm caused to Bobb-Semple has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 7, 2019

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW**
Attorneys for Plaintiff Ronald Oslin Bobb-Semple